Requestor: Murray N. Jacobson, Esq., Town Attorney Town of Clarkstown 20 Maple Avenue New City, N Y 10956
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a town fire inspector, who is the complainant with respect to a violation of provisions of the town fire code, may serve a summons under section 130.40 of the Criminal Procedure Law.
A summons is a process issued by a local criminal court directing a defendant designated in an information, a prosecutor's information or a misdemeanor complaint, filed with that court, to appear before the court at a designated future time. Criminal Procedure Law (CPL) § 130.10. The purpose of a summons is to achieve the defendant's appearance in court in a criminal action for purposes of arraignment upon the accusatory instrument. A summons may be served by a police officer, by a complainant at least 18 years old, or by any other person at least 18 years old designated by the court. Id., § 130.40.
In our view, a fire inspector may serve a summons providing that he is a complainant within the meaning of the Criminal Procedure Law. Under section 100.15 of that law, an information and a misdemeanor complaint must be subscribed and verified by a person known as the "complainant". "The complainant may be any person having knowledge, whether personal or upon information and belief, of the commission of the offense or offenses charged." Ibid. In that the information or misdemeanor complaint serves as the basis for commencement of a criminal action and as the basis for the service of a summons to produce the defendant in court, we believe the "complainant", as defined in section 100.15 of the Criminal Procedure Law, may serve the summons. A complainant, who signs and verifies a complaint or an information can be any person having knowledge of the offense and, accordingly, need not necessarily be a police officer, peace officer or even a public servant. McKinney's Practice Commentaries, by Peter Preiser, Criminal Procedure Law §100.15, Main Vol.
We note that a person's appearance before a local criminal court, with respect to a designated offense, may also be directed through the issuance of an appearance ticket. CPL § 150.10. An appearance ticket may be issued by a police officer or other public servant so authorized by State or local law. Ibid.; Municipal Home Rule Law § 10(4)(a). The legislative body of a local government may authorize the issuance of an appearance ticket by a public servant who is authorized or required to enforce any local regulations relating to parking, licensing of occupations or businesses, fire inspection and safety, health and sanitation, and building, zoning and planning. Municipal Home Rule Law § 10(4)(a). Thus, a fire inspector with authority to enforce the local fire code may be authorized by the local government to issue an appearance ticket with respect to fire code violations. We note that prior to the court date, the public official who issued the appearance ticket must file an accusatory instrument, typically an information, in the local criminal court which serves to commence the action. McKinney's Practice Commentaries, by Peter Preiser, Criminal Procedure Law § 150.10, Main Vol.
You have referred to a prior opinion of this office (1977 Op Atty Gen [Inf] 197) in which we found no authority for a building inspector to issue an appearance ticket or serve a summons. The provisions of the Municipal Home Rule Law and Criminal Procedure Law were amended subsequent to the issuance of that opinion to authorize the issuance of appearance tickets by local officials. Also, the opinion apparently did not deal with a situation where the public official was the complainant in considering whether a building inspector could serve a summons.
We conclude that a fire inspector who is a complainant, as defined in the Criminal Procedure Law, may serve a summons to direct a defendant's appearance in a local criminal court. Also, a public official may be authorized by a local legislative body to serve an appearance ticket directing a defendant's appearance before a local criminal court.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.